**Edwin H. NEILL, II, and on Behalf of Joint Venture Composed of Edwin Neill and Irvine Rusk and Margaret Rusk**

v.

**Irvine RUSK, et al.**

**Civ. A. No. 86–2200.**

United States District Court, E.D. Louisiana.

Aug. 5, 1988.

Robert A. Kutcher, Bronfin, Heller, Steinberg & Berins, New Orleans, La., for plaintiffs.

Harry S. Hardin, III, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, La., for defendants Irvin Rusk, Margaret Rusk, Rusk, Inc., Irvine Rusk, Ltd. and Lamaur, Inc.

George F. McGunnigle, Jr., Leonard, Street & Deinard, Minneapolis, Minn., for Lamaur, Inc. and Rusk, Inc.

## ORDER AND REASONS

MENTZ, District Judge.

On July 20, 1988 the following motions were submitted to the Court without oral argument: 1) Irvine and Margaret Rusks' motion for partial summary judgment; and 2) Lamaur, Inc.'s and Rusk, Inc.'s motion for summary judgment. Both motions seek dismissal of Neill's claims that the defendants violated the Louisiana Unfair Trade Practices Act (UTPA), La.R.S. 51:1401 et seq. The Rusks additionally seek dismissal of Neill's claims of breach of contract and fiduciary obligations. In connection therewith, they seek a declaration that: a) the Rusks properly terminated the "joint venture" with Neill; b) Neill has no right to share in the benefits of the "joint venture" after the termination date; and 3) Neill has no right to participate in the Rusks' North American business opportunities after the termination date.

## THE UNFAIR TRADE PRACTICES CLAIMS

The defendants contend that Neill's claims of misappropriation and unfair trade practices under the UTPA are barred by peremption [1] or, alternatively, that Neill's marketing/distribution scheme and trade dress design ideas are not entitled to protection and that they were not misappropriated by the Rusks.

The UTPA provides a private right of action to one who suffers an ascertainable loss as the result of an unfair or deceptive method, act, or practice. The UTPA further provides that:

E. The action provided by this section shall be prescribed by one year running from the time of the transaction or act which gave rise to this right of action.

La.R.S. 51:1409(E).

Courts interpreting § 1409(E) of the UTPA have viewed the one-year time period as peremptive, rather than prescriptive. *See Canal Marine Supply v. Outboard*

---

1. Although defendants did not specifically plead peremption until July 28, 1988, peremption need not be pleaded and "may be supplied by a Court on its own motion at any time prior to final judgment." La.Civ.Code Art. 3460.

*Marine,* 522 So.2d 1201, 1203 (La.App. 4th Cir.1988); *B.B.C. & J., Inc. v. Louisiana World Exposition, Inc.,* CA No. 85–5710 "K" (E.D.La. Aug. 4, 1987); *Century Graphics Corporation v. Harris Graphics Corporation,* CA No. 86–5375 "F", 1987 WL 14932 (E.D.La. July 29, 1987); *Robin Towing Corporation v. Honeywell, Inc.,* CA No. 87–0179 "F", 1987 WL 11160 (E.D.La. May 21, 1987); *Cotton Bros. Baking Co., Inc. v. Industrial Risk Insurers,* CA No. 83–0150 (W.D.La. Feb. 4, 1987). The Louisiana Supreme Court explained the difference between prescription and peremption as follows:

> [P]rescription bars the remedy sought to be enforced and terminates the right of access to the Courts for enforcement of the existing right. A peremptive statute, however, totally destroys the previously existing right with the result that, upon expiration of the prescribed period, a cause of action or substantive right no longer exists to be enforced.

*Pounds v. Schori,* 377 So.2d 1195, 1198 (La.1979).

■ This Court agrees, based upon the reasons set forth by the Louisiana Fourth Circuit Court of Appeals in *Canal Marine,* that the UTPA establishes a peremptive period which may not be tolled or interrupted.

In our opinion the time period set forth in R.S. 51:1409 E. must be viewed as peremptive. The special nature of the private right of action under the UTPA and the serious consequences of a successful action both militate in favor of an absolute, uninterruptable time period. The UTPA's provision for triple damages is in derogation of the ordinary rules on damages. Likewise, the right of a private individual to bring suit under the UTPA is a special feature in a law which, in all other respects, depends on the attorney general and other public administrative officials for enforcement. By including a provision setting forth the time in which the private right of action must be asserted, the legislature showed an intent to remove this unique right from the ordinary rules of prescription. The plain language of R.S. 51:1409 E. shows an intent to make that period absolute (that is peremptive).

*Canal Marine,* 522 So.2d at 1203.

■ On October 10, 1984, Neill and the Rusks formed an agreement to enter into a business association together. The parties did business together for ten months. On December 10, 1985, the Rusks notified Neill that they were terminating the joint venture. On April 18, 1986, Rusk, Ltd. and Lamaur entered into a licensing agreement for the use of the "Rusk" name and for the supply of services in relation to design and promotion of hair care products.

On April 17, 1986, Neill filed his original petition in this action naming Irvine and Margaret Rusk as defendants. The petition alleged that the Rusks had breached their contractual and fiduciary obligations under an alleged "joint venture" agreement by unilaterally and without cause terminating the joint venture and pursuing independent business opportunities without inviting Neill to participate. Neill claimed that he suffered harm from the competition by the defendants in the market. Neill sought an accounting of the assets of the venture in order to determine the amounts due to each of the participants and an injunction prohibiting the Rusks from selling or marketing any products which were sold, distributed, marketed or advertised by the joint venture.

On June 8, 1987, Neill amended his petition to add as defendants Lamaur, I. Rusk, Ltd., and Rusk, Inc. Neill alleges in his amended petition that Lamaur and the Rusks agreed to eliminate Neill as a participant in the joint venture and that they misappropriated his marketing/distribution scheme and trade dress design in violation of the UTPA.

Although Neill alleges that the unfair trade practices began during the joint venture in 1985, he contends that the act giving rise to his cause of action under the UTPA did not occur until he received a copy of the licensing agreement on April 6, 1987. Neill contends that the defendants used obstructive discovery tactics to conceal the business relationship between

Lamaur and the Rusks so that he was unable to bring his UTPA claims until he had a copy of the licensing agreement. Defendants contend that the transaction or act upon which Neill bases his UTPA claims occurred at least by April 18, 1986, the date of the licensing agreement.

This Court cannot accept Neill's argument that his receipt of a copy of the licensing agreement on April 6, 1987 amounts to a transaction or act giving rise to a right of action under the UTPA. Neill's own pleadings describe the licensing agreement and the negotiations leading up to it as the basis for his claims under the UTPA. In addition, the one-year period in § 1409(E) cannot be enlarged by application of the doctrine of continuing violation. *Cason v. Texaco, Inc.*, 621 F.Supp. 1518 (M.D.La.1985).

Accordingly, this Court finds that the transaction or act which gave rise to Neill's right of action under the UTPA occurred on April 18, 1986 and that more than one year elapsed prior to the filing of amended petition.

The fact that Neill was allegedly unaware of his cause of action under the UTPA until receipt of the licensing agreement on April 6, 1987 cannot serve to toll the one-year period. While a prescriptive period may be interrupted, peremptive periods, such as the one-year period set forth in § 1409(E), are not subject to interruption or suspension, even under the doctrine of *contra non valentum.* *Canal Marine*, 522 So.2d at 1203.

Even if the peremptive period were subject to tolling due to concealment or ignorance of a cause of action, Neill's own pleadings reveal that within the peremptive period he knew: 1) the fact that Rusk, Ltd. and Lamaur had entered into a licensing agreement; 2) the marketing plan for the "Rusk" products; 3) the type of products to be marketed under the "Rusk" name; and 4) the "Rusk" product packaging design.[2] Therefore, even if the peremptive period were subject to tolling, Neill had knowledge of the basis for his UTPA claims within the peremptive period.

■ Neill contends that even if peremption applies, under Fed.R.Civ.P. 15(c), the June 8, 1987 amendment relates back to the original petition filed on April 18, 1986. The cases cited by Neill for the proposition that a bar due to peremption may be overcome by the relation back doctrine are inapposite to the case at bar. *Meadoux v. Hall*, 369 So.2d 240 (La.App. 4th Cir.1979) and *McKay v. Southern Farm Bureau Casualty Company*, 123 So.2d 658 (1st Cir. 1960), involve amendments to correct problems with capacity and substitution of parties. In cases like *Meadoux* and *McKay*, the cause of action was asserted within the requisite period such that the defendants had sufficient notice of the nature of the action from the outset.

In contrast, Neill's amendment did not seek simply to correct a problem with capacity or the identity of a proper party, but named two completely new defendants and asserted new claims. The original petition asserted claims based on the Rusks' termination of the joint venture, whereas the amendment asserted claims based on the licensing agreement with Lamaur, Inc. Certainly, it cannot be said that the claims set forth in the original petition fairly apprised the defendants (especially the new defendants, Lamaur and Rusk, Inc.) of

---

**2.** On February 3, 1987, Neill filed a motion to compel discovery containing excerpts from the November, 1986 depositions of the Rusks which revealed that Irvine Rusk, Ltd. and Lamaur entered an agreement in April, 1986 to sell beauty products and that Irvine Rusk, Ltd. and Lamaur had discussed the joint venture with Neill. Document No. 28, Exhibit B, Dep. p. 153, lines 10–15; p. 158, lines 18–20; p. 160, lines 11–16; pp. 160–161.

On March 27, 1987, Neill filed a motion for continuance which states at page 2 of the memorandum that "[a]fter institution of this litigation, it became known through advertising in the beauty supply industry that the Rusks had entered into a contractual agreement with a company in Minneapolis called Lamaur." Further, the accompanying Exhibit B contained excerpts from the January 26, 1987 edition of Advertising Age and the February, 1987 edition of *Modern Salon.* The Modern Salon excerpts contained clear copies of the full "Rusk" product line. The *Advertising Age* excerpt clearly described the parties to the licensing agreement and the marketing theme. Document No. 37.

Neill's claims under the UTPA. The Court finds that the claims asserted in the amendment did not arise out of the conduct, transaction or occurrence set forth in the original petition. Thus, the amendment does not relate back to the original petition..

## THE BREACH OF CONTRACT AND FIDUCIARY OBLIGATION CLAIMS

 The Rusks are not entitled to partial summary judgment on Neill's claims of breach of contract and fiduciary obligations. There are genuine issues of material fact in dispute as to whether the Rusks properly terminated the joint venture with Neill.

Under La.C.C. Art. 2822, a partner may unilaterally withdraw from a partnership provided he gives "reasonable notice in good faith at a time that is not unfavorable to the partnership." Considering the evidence that Lamaur and the Rusks discussed business opportunities together during the joint venture, the Rusks are not entitled to a summary judgment ruling that their withdrawal was in good faith and not unfavorable to the venture.

The Comments to Article 2822 provide that "If a partner attempts to withdraw under this article and does not give reasonable notice in good faith or at a favorable time, he remains a partner and therefore his liability as a partner continues. He may be liable for resulting damages pursuant to Articles 2809 and 2810, *supra*." Article 2809 provides that a partner who conducts activity that is "for himself or on behalf of a third person contrary to his fiduciary duty and is prejudicial to the partnership must account to the partnership and to his partners for the *resulting profits*." (Emphasis added.)

A reading of Article 2822 and 2809 together indicates that a partner may be liable for profits earned subsequent to his withdrawal from the partnership where the withdrawal was not in good faith or at a favorable time. Accordingly, the Court cannot accept the Rusks' argument that, as a matter of law, damages must be calculated as of the date the venture terminated. The Rusks' liability for breach of contract

and fiduciary obligations, as well as the calculation of damages, if any, and cannot be determined on summary judgment.

In view of the foregoing,

IT IS ORDERED that:

1) Irvine and Margaret Rusks' motion for partial summary judgment is GRANTED IN PART dismissing plaintiff's UTPA claims as barred by peremption.

2) Lamaur, Inc.'s and Rusk, Inc.'s motion for summary judgment is GRANTED dismissing plaintiff's UTPA claims as barred by peremption.