581 So.2d 765 (1991)
Lionel J. DUFOUR, et al.
v.
U.S. HOME CORPORATION, et al.
No. 90-CA-1394.
Court of Appeal of Louisiana, Fourth Circuit.
June 13, 1991.
*766 Lanny R. Zatzkis, Karen D. McCarthy, Deborah M. Sulzer, Zatzkis & Associates, New Orleans, for plaintiffs/appellants.
Jack A. Ricci, Gary J. Giepert, Baldwin & Haspel, New Orleans, for defendants/appellees.
Before BARRY, WILLIAMS and BECKER, JJ.
BECKER, Judge.
This is an appeal from a judgment maintaining peremptory exceptions of prescription and no cause of action in a suit brought under Louisiana's Unfair Trade Practices Act, L.S.A.-R.S. 51:1401 et seq., and Blue Sky Law, L.S.A.-R.S. 51:712 et seq.
On July 7, 1988, plaintiffs, owners of condominium units in the Hearthwood East Condominium Complex sued U.S. Home Corporation and others, alleging several causes of action including violations of the Louisiana Unfair Trade Practices Act and Blue Sky Law. Defendants, U.S. Home Corporation and U.S. Home Mortgage Corporation, (developers of the condominium complex) filed exceptions of no cause of action and prescription alleging that plaintiffs' claims under the Unfair Trade Practices Act were preempted and that plaintiffs' had no cause of action under the Blue Sky Law as there was no sale of a security. The trial court sustained defendants' exceptions of prescription and no cause of action, dismissing plaintiffs' claims.
On appeal, plaintiffs assign four specifications of error:
(1) The trial court erred in finding that the private cause of action provided by L.S.A.-R.S. 51:1405 et seq. (the Unfair Trade Practices Act) was subject to preemption and not prescription;
(2) The trial court erred in sustaining defendants' exception of prescription and holding that plaintiffs' cause of action under L.S.A.-R.S. 51:1405 et seq. was preempted;
(3) The trial court erred in finding that plaintiffs' causes of action herein were not susceptible to equitable tolling doctrines, *767 including the doctrines of contra non valentem and continuous tort; and
(4) The trial court erred in maintaining defendants' exception of no cause of action regarding plaintiffs' claims under the Louisiana Blue Sky Law, L.S.A.-R.S. 51:712 et seq.
Initial development of the Hearthwood East condominium complex began in the late 1970's. Plaintiffs allege in their petition that the complex was billed as a "professional community." Prospective purchasers were told that the complex was primarily for residential use by the owners. However, some of the plaintiffs were allowed and encouraged to purchase units strictly for investment purposes. Units ranged in price from the low $40,000's to the high $80,000's.
Plaintiffs further allege in their petition that defendants utilized aggressive sales tactics. Various flyers and sales brochures boasted the pleasant, resort type atmosphere, including promises of electronic visual security systems, landscaped grounds, and country club amenities. All of the brochures showed the growing investment nature of the purchase of condominium unit.
Many of the promised improvements were never completed. U.S. Home, in response to declining sales, began the wholesale leasing of the units they were not able to sell. Further, U.S. Home sold numerous units at auction. Plaintiffs allege that due to these activities by U.S. Home, all done without authorization of the condominium association, the value of their condominiums have been reduced substantially.
Plaintiffs allege that through these actions defendants have violated Louisiana's Unfair Trade Practices Act, L.S.A.-R.S. 51:1405 et seq., resulting in financial losses to the plaintiffs. The UTPA provides, in pertinent part, that
A. Any person who suffers any ascertainable loss of money or movable property, corporeal or incorporeal, as a result of the use or employment by another person of an unfair or deceptive method, act or practice declared unlawful by R.S. 51:1405, may bring an action individually but not in a representative capacity to recover actual damages. * * *
E. The action provided by this section shall be prescribed by one year running from the time of the transaction or act which gave rise to this right of action. L.S.A.-R.S. 51:1409.
This Court, in Canal Marine Supply Inc. v. Outboard Marine Corp., 522 So.2d 1201 (La.App. 4th Cir.1988), determined that the one year period set out in R.S. 51:1409 is preemptive and therefore not subject to interruption or suspension. Thus, plaintiffs' suit must have been brought within one year of the transaction or act which gave rise to the litigation. The last act of which plaintiffs complain was the auction whereby U.S. Home sold numerous condominium units at extremely low prices. The auction in question took place in July, 1984. Plaintiffs' petition was filed on July 7, 1988, clearly beyond the time limitation established under R.S. 51:1409. Accordingly, we conclude that the trial court did not err in maintaining defendants' exception of prescription.
The trial court also maintained defendants' exception of no cause of action, finding that the purchase of a condominium was not a "security" under Louisiana Blue Sky Law, L.S.A.-R.S. 51:712 et seq. In order for the plaintiffs to state a cause of action under R.S. 51:712 et seq., it must be found that the defendants were engaged in the sale of securities.
A security has been defined under L.S. A.-R.S. 51:702(15)(a), as
[Any] note; stock; treasury stock; bond; debenture; evidence of indebtedness; certificate of interest or participation in any profit sharing agreement; collateral-trust certificate; preorganization certificate or subscription; transferable share; investment contract; voting-trust certificate; certificate of deposit for a security; fractional undivided interest in oil, gas or other mineral rights; any put, call, straddle, option or privilege on any security, certificate of deposit, or group or index of securities *768 (including any interest therein or based on the value thereof); or, in general, any interest or instrument commonly known as a "security"; or any certificate of interest or participation in, temporary or interim certificate for, receipt for, guarantee of, or warrant or right to subscribe to or purchase any of the foregoing. (emphasis added).
Plaintiffs argue that the contracts of sale of the condominiums were "investment contracts," and thus, within the definition of "security" as provided for in the statute. Noting that the jurisprudence of Louisiana's securities law is relatively undeveloped, Louisiana courts have consulted federal decisions in this area for guidance as Louisiana's Blue Sky Law was modeled after the federal system, namely the Securities Act of 1933 and the Securities and Exchange Act of 1934. Ek v. Nationwide Candy Division, Ltd., 403 So.2d 780 (La.3rd Cir.1981), writ denied, 407 So.2d 732 (La.1981); Goldblum v. Boyd, 341 So.2d 436 (La.App.2nd Cir.1976).
The United States Supreme Court has defined an "investment contract" for purposes of the Securities Act as "a contract, action or scheme whereby a person invests his money in a common enterprise and is led to expect profit solely from the efforts of the promoter or a third party." SEC v. W. J. Howey Co., 328 U.S. 293, 301, 66 S.Ct. 1100, 1104, 90 L.Ed. 1244 (1946). An investment contract can include interests in real property, SEC v. C.M. Joiner Leasing Corp., 320 U.S. 344, 64 S.Ct. 120, 88 L.Ed. 88 (1943). However, the federal courts have not been consistent in determining whether an interest in a condominium unit constitutes an investment contract. Several federal district courts have found the purchase of a condominium is not a security. See Bender v. Continental Towers Limited Partnership, 632 F.Supp. 497 (S.D.N.Y.1986); Mosher v. Southridge Associates, Inc., 552 F.Supp. 1231 (W.D.Pa. 1982); and Joyce v. Ritchie Tower Properties, 417 F.Supp. 53 (N.D.Ill.1976). The courts in Hodges v. H & R Investments, Ltd., 668 F.Supp. 545 (N.D.Miss.1987), and Wooldridge Homes, Inc. v. Bronze Tree, Inc., 558 F.Supp. 1085 (D.Colo.1983), found that the sale of a condominium constituted a security when the purchase was accompanied by collateral agreements between the buyer and seller.
The Securities and Exchange Commission in a No-Action Letter set out when the sale of a condominium may constitute a sale of security. The letter provided that in order for the sale of a condominium to constitute a security, or an investment contract, the arrangement must include certain collateral agreements:
1. The condominiums, with any rental arrangement or similar service, are offered and sold with emphasis on the economic benefits to the purchaser to be derived from the managerial efforts of the promoter or a third party designated or arranged for by the promoter, from rental of units.
2. The offering of participation in a rental pool arrangement; and
3. The offering of a rental or similar arrangement whereby the purchaser must hold his unit available for rental for any part of the year, and must use an exclusive rental agent, or is otherwise materially restricted in his occupancy or rental of his unit.
SEC No-Action Letter In re Surftide Condominiums, Ltd., (1972), Release No. 33-5347; 17 C.F.R. § 231.5347.
The federal courts have relied upon this letter in determining whether the sale of a condominium is indeed a security. The courts, in so doing, have looked to the existence and content of any and all collateral agreements connected to the purchase of the condominium.
In the present case, it appears that the purchase of the condominium units by several of the plaintiffs for investment purposes does not constitute a security or investment contract. The petition is devoid of any allegations that plaintiffs were required to participate in a rental program managed by the promoter, or a third party. Such a requirement is essential for the existence of an investment contract. The profits expected from the investment must be achieved primarily from the efforts of *769 the promoter or a third party. Furthermore, in the case at bar, the decision to rent the condominium units for investment purpose was solely within the discretion of the unit owners.
A peremptory exception of no cause of action tests the legal sufficiency of the petition and for the purposes of the validity of this exception all well pleaded allegations of fact are accepted as true, and if the allegations set forth a cause of action to any part of the demand the exception must be overruled. L.S.A.-C.C.P. article 927; Haskins v. Clary, 346 So.2d 193 (La. 1977).
Even accepting the plaintiffs' allegations that the defendants suggested that the condominiums could be used for investment purposes, the petition fails to state a cause of action under Louisiana's Blue Sky Law, L.S.A.-R.S. 51:712 et seq. The petition and its attachments do not support a finding that the purchase of the condominium units in the present case constitute an "investment contract," and thus, do not fit within the scope of the definition of a "security" as provided for in L.S.A.-R.S. 51:702.
Accordingly, the judgment of the trial court maintaining defendants' exception of prescription as to the claims under the Unfair Trade Practices Act, L.S.A.-R.S. 51:1409 et seq., and exception of no cause of action as to the claims under the Blue Sky Law, L.S.A.-R.S. 51:702, et seq., is hereby affirmed.
AFFIRMED.
BARRY, Judge, dissenting in part.
The pleadings sufficiently set out a prima facie case as to the claim under Louisiana's Blue Sky Law.
The exception of no cause of action as to those plaintiffs should be set aside and the matter remanded for trial.