765 So.2d 419 (2000)
Fran MORRIS
v.
SEARS, ROEBUCK AND CO. d/b/a Sears, Inter City Products Corp., Magnolia A/C & Supply Inc., Bergeron Heating, et al.
No. 99-CA-2772.
Court of Appeal of Louisiana, Fourth Circuit.
May 31, 2000.
*420 Philip M. Bradley, Bradley & Downing, Donna Grodner, Grodner And Associates and Winston G. DeCuir, DeCuir & Clark, LLP, Baton Rouge, LA, Attorneys for Plaintiff/Appellant.
Jonathan C. McCall, W. Anthony Toups, III, Lou Anne Milliman, Chaffe, McCall, Phillips, Toler & Sarpy, Regina S. Wedig, Donald E. Theriot, Bordelon, Hamlin & Theriot, New Orleans, LA, and C. Michael Hart, Taylor, Porter, Brooks & Phillips, L.L.P., Baton Rouge, LA, Attorneys for Defendants/Appellees.
(Court composed of Judge MOON LANDRIEU, Judge PATRICIA RIVET MURRAY, Judge JAMES F. McKAY, III).
McKAY, Judge.
The plaintiffs, Fran Morris, et al., appeal the trial court's judgment granting the defendants', Sears Roebuck and Co., Goodman Manufacturing Company L.P., Inter City Products Corporation, Magnolia Air Conditioning & Supply Inc., and Bergeron Heating, et al., exception of no cause of action pursuant to the Louisiana Unfair Trade Practice Act.

FACTS
On November 27, 1997, the plaintiffs, Fran Morris, Dollie Harris and Mirian Berthelot, filed a class action complaint seeking to represent a class encompassing all Louisiana residents who are, or were, purchasers of Kenmore heating and cooling units from Sears Roebuck and Co. (Sears). The plaintiffs allege that they purchased heating and cooling units from Sears under the brand name Kenmore, and that Sears and the other co-defendants, who were manufacturers and distributors of Kenmore products, led them to believe that the products sold as Kenmore products were exclusive to Sears. Goodman Manufacturing Company (Goodman) and Inter-City Products Corporation (Inter-City) are the manufacturers of the products. Magnolia Air Conditioning and Supply Co. (Magnolia) is the distributor of *421 the products. The plaintiffs aver that these exact same products could have been bought at a lower price from other retailers without the Kenmore name. The trial court in its judgment of June 11, 1997 sustained the defendants' exceptions of no cause of action under La. R.S. 51:1409 and sustained their exceptions of prescription as to all other claims. The matter was dismissed with prejudice. This Court then docketed this matter and set it for oral argument. The matter having been submitted after oral argument was remanded by this Court to the trial court for certification pursuant to La. C.C.P. art. 1915. On remand, plaintiffs amended their petition to strike all causes of action but those arising under the Louisiana Unfair Trade & Consumer Protection Act.

DISCUSSION
The function of an exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading. Everything on Wheels Subaru Inc. v. Subaru South Inc., 616 So.2d 1234, 1235 (La.1993). No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. La. C.C.P. art. 931. The court reviews the petition and accepts well-pleaded allegations of fact as true. Id. The issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. Id. The standard for granting an exception of no cause of action is as follows:
The burden of demonstration that no cause of action has been stated is upon the mover or exceptor. In deciding the exception of no cause of action, the court must presume all factual allegations of the petition to be true and all reasonable inferences are made in favor of the non-moving party. In reviewing the trial court's ruling sustaining an exception of no cause of action, the court of appeal and this [the Supreme] court should subject the case to de novo review because the exception raises a question of law and the lower court's decision is based on the sufficiency of the petition.
City of New Orleans v. Board of Com'rs, 93-0690 at p. 28 (La.7/5/94), 640 So.2d 237, 253. (citation omitted)
The appellant assigns one error for consideration by this Court: that the trial court erred in finding that plaintiff had no cause of action pursuant to La. R.S. 51:1409, the Louisiana Unfair Trade & Consumer Protection Act (LUPTA).
The Louisiana Unfair Trade Practices Act (LUPTA), R.S. 51:1401, et seq., expressly prohibits a private class action. Section 1409 provides that a person who suffers a loss because of an unfair trade practice "may bring an action individually but not in a representative capacity." La. R.S. 51:1409 A. Plaintiffs argue that they are entitled to seek restitution, but not actual damages by means of an action brought in a representative capacity, relying upon State ex rel Guste v. General Motors Corp., 370 So.2d 477, 485 (La.1978). In that case, the Louisiana Attorney General filed suit in his representative capacity based on La. R.S. 51:1409. The General Motors case is inapposite to the case sub judice since this is a case by a private plaintiff.
La. R.S. 51:1409 governs private causes of action brought by individuals other than the Attorney General. In General Motors, the Louisiana Supreme Court acknowledged that no class action could be brought by a private citizen under section 1409. The Supreme Court held that although section 1409 prohibits an individual from instituting class actions for actual damages, nothing in the statute can be read to limit the availability of the class device for a restitutionary recovery in an enforcement action instituted by the Attorney General under sections 1407 and 1409. Id. General Motors does not permit the recovery of restitution in this case.
In State ex rel. Guste v. Orkin Exterminating Co., 528 So.2d 198 (La.App. 4 Cir. *422 1988), writ denied, 533 So.2d 18 (La.1988), reconsideration denied, 536 So.2d 1209 (La.1989), this Court reaffirmed that an enforcement action by the Attorney General for restitution is different from a private action under 1409. This is because restitution in enforcement actions is only ancillary to injunctive relief, as opposed to private actions in which restitution is the primary purpose of the lawsuit. Id. at 202-03. Therefore, although this section permits the Attorney General to recover restitution in a lawsuit for an injunction, private parties are not allowed to seek monetary damages in a representative capacity. Id. The plaintiffs' petition, entitled "Class Action Complaint," cannot and does not state a cause of action under LUPTA for a class of private plaintiffs.
Furthermore, the prescriptive period for a private action pursuant to LUPTA is peremptive. La. R.S. 51:1409 E. A peremptive period cannot be renounced, interrupted or suspended. La. C.C. art. 3461. Because the limitation period of LUPTA is peremptive, the doctrine of contra non valentem does not apply. Dufour v. U.S. Home Corp., 581 So.2d 765, 767 (La.App. 4 Cir.1991); Canal Marine Supply, Inc. v. Outboard Marine Corp., 522 So.2d 1201, 1204 (La.App. 4 Cir.1988). This Court in Canal Marine reasoned that because the statute is penal in nature, providing for triple damages, it is subject to reasonable construction. The plain language of the statute shows an intent to make the period absolute. Id. at 1203. The date of the alleged wrongful act begins the running of the prescription, even if the plaintiff was unaware of the act. Id.
According to the language of the statute, plaintiffs have one year from the time of the "transaction or act which gave rise to this right of action" to sue under LUPTA. La. R.S. 51:1409 E. The act gives rise to a right of action under section 1409 when the plaintiff "suffer[s] any ascertainable loss of money or moveable property." La. R.S. 51:1409 A. In the present matter, the alleged acts which gave rise to plaintiffs' causes of action were their various purchases of heating and cooling systems from the defendant, Sears. Any claims that the plaintiffs may have had under LUPTA ceased one year after they came into existence without regard to plaintiffs' knowledge of or ability to act on any alleged cause of action. Thus, any claim that Ms. Morris may have had was perempted in 1978, as she alleged that she purchased the unit around 1976-1977. Ms. Harris purchased her unit on September 20, 1994. Her action was perempted on September 20, 1995. Ms. Berthelot's purchase date is unknown and is not included in the petition. Clearly, the plaintiffs' claims were perempted pursuant to LUPTA even prior to the filing of the original complaint.
The plaintiffs' petition provided no model descriptions, identification numbers, written contracts, invoices, nor places of purchase; nor did it allege any defect nor dissatisfaction with the quality of the machines purchased. Plaintiffs attempted to assert alternative actions in redhibition, unfair trade practices under the Louisiana Unfair Trade Practices Act (LUPTA), R.S. 51:1401 et seq., conspiracy, negligent misrepresentation (fraud) and breach of contract. It is not clear from the record what damages the plaintiffs are asserting. It may therefore be assumed that there are no damages (they asserted unspecified damages). Furthermore, the pleadings are devoid of the necessary facts to support a cause of action for unfair trade practices, either individually or as a class.
Accordingly, we find no error in the ruling of the trial court maintaining the defendants' exception of no cause of action, and we therefore affirm the trial court and assess all cost and fees for this appeal to the plaintiff.
AFFIRMED.
MURRAY, J., CONCURS IN THE RESULT.