STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

17-1186

THE CONGREGATION OF THE IMMACULATE CONCEPTION
ROMAN CATHOLIC CHURCH OF THE PARISH OF CALCASIEU D/B/A
IMMACULATE CONCEPTION CATHEDRAL SCHOOL

VERSUS

SAM ISTRE CONSTRUCTION, INC., ET AL.

**********

ON WRIT OF CERTIORARI FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, DOCKET NO. 2017-830
HONORABLE DAVID A. RITCHIE, DISTRICT JUDGE

**********

VAN H. KYZAR
JUDGE

**********

Court composed of Elizabeth A. Pickett, Billy H. Ezell, Phyllis M. Keaty, John E. Conery, and Van H. Kyzar, Judges.

WRIT DENIED.

Sean P. Mount
Anne E. Medo
Bryce M. Addison
DEUTSCH KERRIGAN, LLP
755 Magazine Street
New Orleans, LA 70130
(504) 581-5141
COUNSEL FOR RELATOR/APPLICANT:
      Sam Istre Construction, Inc.

Thomas A. Filo
Cox, Cox, Filo, Camel & Wilson, LLC
723 Broad Street
Lake Charles, LA 70601
(337) 436-6611
COUNSEL FOR PLAINTIFF:
      The Congregation of the Immaculate Conception Roman
      Catholic Church of the Parish of Calcasieu d/b/a
      Immaculate Conception Cathedral School

L. Paul Foreman
Raggio, Cappel, Chozen & Berniard
1011 Lakeshore Drive, Suite 500
Lake Charles, LA 70601
(337) 436-9481
COUNSEL FOR PLAINTIFF:
      The Congregation of the Immaculate Conception Roman
      Catholic Church of the Parish of Calcasieu d/b/a
      Immaculate Conception Cathedral School

Maurice L. Tynes
Maurice L. Tynes & Associates, PLC
4839 Ihles Road
Lake Charles, LA 70605
(337) 479-1173
COUNSEL FOR DEFENDANT:
      Western Surety Company

Jack E. Truitt
The Truitt Law Firm, LLC
149 North New Hampshire Street
Covington, LA 70433
(985) 327-5266
COUNSEL FOR DEFENDANT:
      Morgan Roofing Company, Inc.

Marshall M. Redmon
Phelps Dunbar, LLP
365 Canal Place, Suite 2000
New Orleans, LA 70130
(504) 566-1311

COUNSEL FOR DEFENDANT:
    Morgan Roofing Company, Inc.

Kay A. Theunissen
Paul D. Escott
Mahtook and Lafleur
600 Jefferson Street, Suite 1000
Lafayette, LA 70501
(337) 266-2189
COUNSEL FOR DEFENDANT:
    Associated Design Group, Inc.

Michael J. Williamson
Plauche, Smith, & Nieset, LLC
1123 Pithon Street
Lake Charles, LA 70601
(337) 436-0522
COUNSEL FOR DEFENDANT:
    Ricky Bellon, LLC

James A. Mijalis
Lunn, Irion, Salley, Carlisle & Gardner, APLC
330 Marshall Street, Suite 500
Shreveport, LA 71101
(318) 222-0665
COUNSEL FOR DEFENDANT:
    Employers Mutual Casualty Company

Adrian G. Nadeau
J. Weston Clark
The Long Law Firm, LLP
1800 City Farm Drive, Building 6
Baton Rouge, LA 70806
(225) 922-5110
COUNSEL FOR DEFENDANTS:
    C.R. Fugatt
    AIA Architects
    XL Specialty Insurance Company

Michael E. Parker
Allen & Gooch
2000 Kaliste Saloom Road, Suite 400
Lafayette, LA 70508
(504) 836-5200
COUNSEL FOR DEFENDANT:
    Vigo Masonry, Inc.

**Kyzar, J.**

Relator, Sam Istre Construction, Inc. (Sam Istre Construction), seeks supervisory writs from the judgment of the trial court which denied its exception of peremption. For the reasons set forth herein, we deny the writ and return the matter to the trial court for further proceedings.

## FACTS AND PROCEDURAL HISTORY

This case involves a lawsuit filed by Plaintiff, the Congregation of The Immaculate Conception Roman Catholic Church of the Parish of Calcasieu d/b/a Immaculate Conception Cathedral School. In 2010, Plaintiff solicited bids for the construction of a three-story addition to Plaintiff's existing school building, to be done in accordance with architectural plans and specifications drafted by Fugatt Architects. Relator, Sam Istre Construction, won the bid for the $2 million South Annex project and commenced construction in 2011. The Certificate of Substantial Completion was recorded on March 14, 2012. After completion of the project, Plaintiff's school officials gradually began noticing defects, such as tar-like drippings on the third floor and rust around the perimeter of the third-floor metal roof deck. Midway through 2016, Plaintiff began investigating the water and moisture intrusion issues in the South Annex. While investigating in January 2017, Plaintiff discovered mildew and mold behind the bookshelves on the exterior wall of the library on the first floor of the South Annex.

On March 2, 2017, Plaintiff filed the instant lawsuit, asserting breach of contact claims as well as negligent construction and other tort claims, against various architects and contractors, including Relator, Sam Istre Construction. Additionally, Plaintiff asserted claims under the Louisiana Unfair Trade Practice and Consumer Protection Act (LUTPA), La.R.S. 51:1401, et seq, against Sam Istre Construction for allegedly engaging in unfair trade practices by substituting

inferior, non-approved materials and/or omitting materials required by the plans and specifications. Relator filed an exception of peremption, seeking dismissal of Plaintiff's LUTPA claim against it. Following a hearing, the trial court denied the exception. Sam Istre Construction filed this application in docket number 17-1186 for supervisory writs with this court, seeking review of the judgment denying its exception of peremption.

## OPINION

LUTPA provides that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." La.R.S. 51:1405(A). The act allows for a private cause of action.

> Any person who suffers any ascertainable loss of money or movable property, corporeal or incorporeal, as a result of the use or employment by another person of an unfair or deceptive method, act, or practice declared unlawful by R.S. 51:1405, may bring an action individually but not in a representative capacity to recover actual damages. If the court finds the unfair or deceptive method, act, or practice was knowingly used, after being put on notice by the attorney general, the court shall award three times the actual damages sustained. In the event that damages are awarded under this Section, the court shall award to the person bringing such action reasonable attorney fees and costs. Upon a finding by the court that an action under this Section was groundless and brought in bad faith or for purposes of harassment, the court may award to the defendant reasonable attorney fees and costs.

La.R.S. 51:1409(A).

Louisiana Revised Statutes 51:1409(E) currently states that "[t]he action provided by this section shall be prescribed by one year running from the time of the transaction or act which gave rise to this right of action." In discussing LUTPA, this court has recognized the following:

> The Unfair Trade Practices Law states that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." La.R.S. 51:1405(A). Jurisprudence has held that a practice is considered

2

unfair, in the context of the unfair trade practices law, when it offends public policy and when the practice is unethical, oppressive, unscrupulous, or substantially injurious to consumers or business competitors. *See Inka's S'Coolwear, Inc. v. Sch. Time, L.L.C.*, 97-2271 (La.App. 1 Cir. 11/6/98), 725 So.2d 496. The determination of what constitutes an unfair trade practice is fact-sensitive and, as such, can only be decided on a case-by-case basis. *See Vermilion Hosp., Inc. v. Patout*, 05-82 (La.App. 3 Cir. 6/8/05), 906 So.2d 688. Louisiana's unfair trade practices law gives a right of action to anyone who suffers any ascertainable loss of money or movable property, corporeal or incorporeal, as the result of an unfair trade practice and provides for the recovery of actual damages, including court costs and attorneys' fees. *See* La.R.S. 51:1409.

*Doland v. ACM Gaming Co.*, 05-427, pp. 7-8 (La.App. 3 Cir. 12/30/05), 921 So.2d 196, 202.

Relator asserts that this court and other Louisiana state and federal courts have consistently held that the one-year time limitation set forth in La.R.S. 51:1409(E) is peremptive, and not prescriptive. *See Canal Marine Supply, Inc. v. Outboard Marine Corp.*, 522 So.2d 1201 (La.App. 4 Cir. 1988); *Glod v. Baker*, 04-1483 (La.App. 3 Cir. 3/23/05), 899 So.2d 642, *writ denied*, 05-1574 (La. 1/13/06), 920 So.2d 238. Relator, therefore, asserts that Plaintiff's LUTPA claims against it are subject to a one-year peremptive period. Relator notes that, although the construction of the school annex was completed in March 2012, Plaintiff did not file the instant lawsuit until March 2, 2017, five years later. As such, Relator maintains that Plaintiff's LUTPA claims against it are barred by peremption.

"Peremption is a period of time fixed by law for the existence of a right. Unless timely exercised, the right is extinguished upon expiration of the peremptive period." La.Civ.Code art. 3458. Peremption may not be renounced, interrupted, or suspended. La.Civ.Code art. 3461. In contrast, when claims are subject to a prescriptive, rather than peremptive, period, "prescription may be renounced, interrupted, or suspended, and *contra non valentem* applies an exception to the statutory prescriptive period where in fact and for good cause a

3

plaintiff is unable to exercise his cause of action when it accrues." *Borel v. Young*, 07-419, pp. 8-9 (La. 11/27/07), 989 So.2d 42, 49, *reversed on rehearing on other grounds*, (La. 7/1/08) (citations omitted).

In the instant case, Plaintiff takes the position that the one-year time period established by La.R.S. 51:1409(E) for the filing of a LUTPA claim is a prescriptive period, and thus, subject to interruption or suspension. Plaintiff alleges that when a brick exterior veneer was removed from the East side of the South Annex, adjacent to the library, it was discovered that Relator had failed to install the insulation that was called for in the construction plans. Plaintiff contends that instead of installing a specified insulation wrap, Tyvek by Dupont, Relator used a non-approved, cheaper house-wrap. Plaintiff also contends that this improper house-wrap substitution is the cause of the moisture intrusion, which lead to rusting of the steel beams and growth of mold and mildew inside the South Annex.

Plaintiff maintains that the fraudulent substitutions and omissions giving rise to its LUTPA claims against Relator were hidden and not discovered or discoverable until the brick wall was removed. The subject lawsuit was filed within one year of the wall removal and subsequent discovery. According to Plaintiff, its LUTPA claims against Relator were timely filed because the one-year time period allotted for filing a LUTPA claim is prescriptive and subject to interruption or suspension during the time in which Relator's fraudulent acts prevented Plaintiff from discovering its LUTPA cause of action. Plaintiff argues that it is inconceivable that the legislature intended to include a one-year peremptive period for a LUTPA claim involving fraud and deceit, especially since virtually all other peremptive statutes provide for a time period longer than one year and contain exceptions for fraud and/or fraudulent concealments.

4

Plaintiff acknowledges that this court and other Louisiana appellate courts, as well as various federal courts, have held that the one-year time period set forth in La.R.S. 51:1409(E) is preemptive, despite the fact that the express wording of the statute itself describes the time period as prescriptive. However, Plaintiff asserts that the holdings in those cases are incorrect and further notes that Relator has not cited any Louisiana Supreme Court decisions holding that the time period provided in La.R.S. 51:1409(E) is preemptive. Additionally, Plaintiff maintains that the appellate court cases, which hold that La.R.S. 51:1409(E) establishes a preemptive period, were based on the proposition that a limitation period is preemptive, rather than prescriptive, if it is contained in the statute giving rise to the cause of action. However, Plaintiff asserts that that proposition was rejected by the Louisiana Supreme Court in *Borel*, 989 So.2d 42.

On rehearing in *Borel*, the Louisiana Supreme Court held that both the one-year and three-year periods set forth in La.R.S. 9:5628 for filing medical malpractice claims are prescriptive. Plaintiff notes that in reaching that conclusion, the Louisiana Supreme Court looked to the plain wording of La.R.S. 9:5628 and concluded that because there was nothing in the statute showing that the legislature intended for the one- and three-year time periods for filing medical malpractice actions to be preemptive, the time periods for filing malpractice actions are prescriptive. Plaintiff argues that the same conclusion should be reached regarding the time period for filing LUTPA claims. Accordingly, Plaintiff asserts that the trial court correctly refused to write into La.R.S. 51:1409(E) a preemptive period which the legislature has never chosen to include in that statute. We agree.

Louisiana Revised Statutes 51:1409(E) specifically states that any LUTPA action "shall be prescribed by one year[.]" When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied

5

as written and no further interpretation may be made in search of the intent of the legislature. La.Civ.Code art. 9. Although the courts are obliged to construe the law so as to effectuate its purpose, this duty does not include license to ignore the law's clear and unambiguous terms or to refrain from enforcing the law in accordance with its plain meaning. *Bank of New York v. Parnell*, 10-435 (La. 11/30/10), 56 So.3d 160, *cert. denied*, 565 U.S. 817, 132 S.Ct. 98 (2011).

In its writ application, Relator points out that the *Borel* case on which Plaintiff relies dealt exclusively with medical malpractice claims and does not address the time period for filing LUTPA claims. Also, Relator contends the *Borel* decision did not serve to do away with the long-standing policy of finding that a time limitation period included in a statute which creates a cause of action is peremptive rather than prescriptive. Relator argues that the time delays for filing a medical malpractice claim are not peremptive because the Louisiana Medical Malpractice Act (LMMA), La.R.S. 40:1231.1, et seq., did not create the right to file a tort action, including a medical malpractice claim. In that regard, Relator notes that the right to file suit existed long before the passage of the LMMA. To the contrary, the right to file LUTPA claims was established by the LUTPA statute itself. As such, Relator maintains that the time period for filing LUTPA claims is peremptive, as reflected in our jurisprudence.

We find no merit to Relator's argument, based upon both our reading of La.Civ.Code art. 9 and the recent acts of the Louisiana Legislature. Act No. 337 of the 2018 Louisiana Regular Session, which shall go into effect on August 1, 2018, changes the wording of La.R.S. 51:1409(E) (emphasis added) to read: "The action provided by this Section shall be subject to **a liberative prescription** of one year running from the time of the transaction or act which gave rise to this right of action." This suggests to us that the legislature always intended the time period to

6

be prescriptive and that this amendment merely clarifies and interprets an existing law. Thus, though this amendment is not yet in effect, we find it to be interpretive. "[I]nterpretive legislation does not create new rules, but merely establishes the meaning that the interpreted statute had from the time of its enactment. It is the original statute, not the interpretive one, that establishes rights and duties." *Ardoin v. Hartford Accident & Indemnity Co.*, 360 So.2d 1331, 1339 (La.1978). Further, as interpretive legislation does not establish new rights but merely determines the meaning of existing laws, it may be applied to facts occurring prior to its promulgation. *Id.* Thus, we find the time period provided in La.R.S. 51:1409(E) for the filing of LUTPA claims to be prescriptive, rather than peremptive, and that the trial court did not err in so holding.

## DECREE

For the foregoing reasons, the instant writ application is denied. The case is remanded to the trial court for further proceedings.

**WRIT DENIED.**

7