STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-464


KIRK RICHARD, ET AL.

VERSUS

KIMBERLY BABIN RICHARD, ET AL.


**********


APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 114,461-B
HONORABLE PAUL JOSEPH DEMAHY, DISTRICT JUDGE


**********


JIMMIE C. PETERS
JUDGE


**********


Court composed of Chief Judge Ulysses Gene Thibodeaux and Sylvia R. Cooks, John D. Saunders, Jimmie C. Peters, and James T. Genovese, Judges.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.


Cooks, J., concurs and assigns written reasons.
Saunders, J., concurs in part, dissents in part, and assigns written reasons.

**Allen A. Krake**
**Samuel D. Abraham**
**Dina F. Domangue**
**Attorney at Law**
**P.O. Drawer 2309**
**Lafayette, LA 70502-2309**
**(337) 234-4523**
**Counsel for Plaintiff/Appellant:**
**Kirk Richard**


**Elizabeth Ann Dugal**
**Attorney at Law**
**P. O. Box 2885**
**Lafayette, LA 70502-2885**
**(337) 237-2535**
**Counsel for Defendant/Appellee:**
**Kimberly Babin Richard**


**Richard Allen Spears**
**Attorney At Law**
**101 Taylor Street**
**New Iberia, LA 70560**
**(337) 367-1960**
**Counsel for Defendant/Appellee:**
**Geraldine Babin**


**James "Buddy" Caldwell**
**Charles T. Cravins**
**Frank P. Trosclair, Jr.**
**Office of Attorney General**
**P. O. Drawer 1149**
**Opelousas, LA 70571-1149**
**(337) 948-3007**
**Counsel for Defendants/Appellees:**
**Iberia Parish Office of Community Services**
**State of La., DSS, OCS**
**Jannenne Trahan**
**Brandi Derouen**
**Shanequa Keal-Lewis**

PETERS, J.

Kirk Richard appeals the trial court's grant of an exception of prescription that had the effect of dismissing all of his claims for damages against the State of Louisiana Department of Social Services, Office of Community Services; its Iberia Parish office; and three of its Iberia Parish employees: Jannenne Trahan, Brandi Derouen, and Shanequa Keal-Lewis (hereinafter referred to collectively as "the DSS defendants").[1] For the following reasons, we affirm the trial court's judgment in part, reverse the trial court's judgment in part, and remand this matter to the trial court for further proceedings.

## DISCUSSION OF THE RECORD

This litigation arises from complaints by Mr. Richard's former wife to the Iberia Parish Office of Community Services that Mr. Richard sexually abused his two children. Mr. Richard's petition for damages asserts that he and Kimberly Babin Richard were married on July 14, 1990, and divorced on November 14, 2006. The petition further asserts that two children, S.R. (born May 23, 2001) and Z.R. (born July 9. 2004),[2] were born of the marriage and that as the marriage was coming to an end, Kimberly Richard and others "began a campaign of false accusations and manufactured false evidence in order to deprive him of access to his children." The petition further asserts that as a result of actions by the DSS defendants, he was subsequently arrested and falsely imprisoned. According to Mr. Richard's petition, the DSS defendants became caught up in his former wife's campaign to falsely discredit him and, in doing so, negligently and/or intentionally breached duties owed to him as a part of their investigative obligations.

---

[1]Mr. Richard named other parties as defendants, but the status of those claims is not a part of the issue now before us.

[2]The initials of the children are used to protect the identity of the minor children. Uniform Rules--Courts of Appeal, Rule 5-2.

The DSS defendants responded to Mr. Richard's petition by filing, among other pleadings, a peremptory exception of prescription pursuant La.Code Civ.P. art. 927(A)(1). The trial court took evidence on this exception at an October 2, 2009 hearing and, on October 19, 2009, executed a judgment granting the DSS defendants' exception of prescription and dismissing Mr. Richard's claims.

Two of the three individual defendants, Ms. Trahan and Ms. Deroune, testified at the October 2 hearing. Ms. Trahan, who is the supervisor of the child protection investigators working in the Iberia Parish Office of Community Services, testified that the initial investigation of Ms. Richard's complaints terminated when the office closed its file on April 12, 2006, after transferring the matter to a foster care unit. According to Ms. Trahan, her involvement also terminated at that time, and anything that occurred thereafter occurred within the care and control of the foster care division of the DSS.

Ms. Trahan testified that a second investigation began on November 19, 2007, and was closed on May 29, 2008. In that investigation, DSS validated a complaint against Mr. Richard and reported its findings to the District Attorney's office, but the District Attorney's office took no further action. In fact, the foster care unit never even became involved in the second investigation.

Ms. Derouen, who is employed in the foster care unit of DSS, testified that her unit had not been involved in any activity involving Mr. Richard and/or his children since May of 2008.

The DSS defendants offered two exhibits as evidence: (1) the minutes from an August 18, 2006 hearing; and (2) the resulting interim stipulated judgment on rules. These exhibits indicate that the children were adjudicated to be in need of care and that the parents were to have joint custody. The judgment made no mention of any

2

further duty that the DSS would have in relation to the Richards or the children. Mr. Richard offered as additional evidence three civil court records: the divorce proceedings, a proceeding in which Ms. Richard sought to resolve issues of visitation, and the entire record of the current proceedings.

After the trial court rendered judgment sustaining the DSS defendants' exception of prescription and dismissing Mr. Richard's claims for damages against these defendants, Mr. Richard perfected this appeal. In his sole assignment of error, he asserts that the trial court erred in granting the exception of prescription.

## OPINION

Louisiana Civil Code Article 3492 provides that "[d]elictual actions are subject to a liberative prescription of one year" and that "[t]his prescription commences to run from the day injury or damage is sustained." Additionally, La.Code Civ.P. art. 931 provides in pertinent part that "[o]n the trial of the peremptory exception pleaded at or prior to the trial of the case, evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition."

> Ordinarily, the exceptor bears the burden of proof at the trial of the peremptory exception. *Campo v. Correa*, 01-2707, p.7 (La.6/21/02), 828 So.2d 502, 508. However, if prescription is evident on the face of the pleadings, the burden shifts to the plaintiff to show the action has not prescribed. *Campo*, 01-2702 at p. 7, 828 So.2d at 508; *Williams v. Sewerage & Water Bd. of New Orleans*, 611 So.2d 1383, 1386 (La.1993). If evidence is introduced at the hearing on the peremptory exception of prescription, the district court's findings of fact are reviewed under the manifest error-clearly wrong standard of review. *Stobart v. State, Through DOTD*, 617 So.2d 880, 882 (La.1993). If the findings are reasonable in light of the record reviewed in its entirety, an appellate court may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. *Id.* at 882-83.

*Carter v. Haygood*, 04-646, pp. 8-9 (La. 1/19/05), 892 So.2d 1261, 1267.

In his petition, Mr. Richard couched his causes of action in the guise of a

3

continuing tort. That being the case, prescription was not evident on the face of the pleadings, and the DSS defendants bore the burden of proof to show that the matters had prescribed. In attempting to meet that burden of proof, the DSS defendants established that they were involved in two investigations concerning Mr. Richard and his children, not one continuous investigation. We find that any cause of action involving the first investigation has prescribed, but not all of the second.

The DSS defendants presented testimony and documentary evidence to establish that their first investigation began sometime after the Richards' marital problems began and was closed on April 12, 2006. They also presented documentation to establish that by a trial court judgment in an adjudication hearing, the children at issue in this litigation were adjudicated in need of care but custody was returned to the parents without any obligations being imposed on the DSS defendants for followup care. None of the documentary evidence offered by Mr. Richard establishes otherwise. Mr. Richard's June 11, 2009 action for damages was clearly outside the one-year requirement of La.Civ.Code art. 3492. Therefore, the trial court did not err in granting the peremptory exception of prescription as to any claims arising from the first investigation by the DSS defendants.

With regard to the remainder of Mr. Richard's claims for damages, the third paragraph of his petition for damages states the following:

> On or about June 13, 2008, Petitioner was arrested and charged with the crime of aggravated rape of his minor children by the Iberia Parish Sheriff's Department. *Prior to this*, Petitioner's rights to see and have a relationship with his children were being interfered with as a result of the gross negligence and arbitrary actions of the Office of Community Services in Iberia Parish.

(Emphasis added.)

We read this to assert two claims for damages: (1) false arrest; and (2) a continuing interference with his relationship with his children.

4

With regard to the false arrest claim, we do not find that it has prescribed. According to Ms. Trahan, the second investigation began on November 19, 2007, and terminated on May 29, 2008, when her office, after validating the complaint, turned its findings over to the district attorney's office and closed its file. However, Mr. Richard was not arrested for the offense validated by the investigation until June 13, 2008. Mr. Richard did not suffer injury until his arrest occurred. *Murray v. Town of Mansura*, 06-355 (La.App. 3 Cir. 9/27/06), 940 So.2d 832, *writ denied*, 06-2949 (La. 2/16/07), 949 So.2d 419, *cert. denied*, 552 U.S. 915, 128 S.Ct. 270 (2007). Therefore, he had one year from that day in which to file suit, and his June 11, 2009 petition was timely. La.Civ.Code art. 3492. We find that the trial court erred in granting the exception of prescription and dismissing Mr. Richard's false arrest cause of action.

The second part of Mr. Richard's complaint as set forth in the third paragraph of his petition – his complaint that the DSS defendants negligently and/or intentionally interfered in his relationship with his children – presents a different matter entirely. Given the uncontradicted evidence that Ms. Trahan closed her file on May 29, 2008, and that the DSS defendants took no action after that time, nothing prevented Mr. Richard from filing suit within the year requirement of La.Civ.Code art. 3492. Thus, the trial court did not err in granting the exception of prescription as to this cause of action.

## DISPOSITION

For the foregoing reasons, we reverse that portion of the trial court's judgment granting the defendants' exception of prescription and dismissing the false arrest cause of action and remand the matter to the trial court for further proceedings relating to that issue. We affirm the trial court's judgment in all other respects. We

5

assess costs of this appeal equally between the parties and, pursuant to La.R.S. 13:5112(A), set the costs for Kirk Richard at $807.25 and the costs for the State of Louisiana Department of Social Services, Office of Community Services, its Iberia Parish office, and the three Iberia Parish employees, Jannenne Trahan, Brandi Derouen, and Shanequa Keal-Lewis at $807.25.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

# COURT OF APPEAL

# THIRD CIRCUIT

# STATE OF LOUISIANA

# 10-464

# KIRK RICHARD, ET AL.

# VERSUS

# KIMBERLY BABIN RICHARD, ET AL.

**COOKS, J., Concurs.**

I agree that Plaintiff's claim for false arrest has not prescribed.  I also believe Plaintiff sets forth allegations which are sufficient to allege a claim for malicious prosecution which is also timely made.

# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 10-464

## KIRK RICHARD, ET AL.

## VERSUS

## KIMBERLY BABIN RICHARD, ET AL.

**SAUNDERS, Judge, concurs in part, dissents in part, and assigns written reasons.**

I concur with the majority opinion regarding prescription Richard's claims against the DSS with one exception, the viability of Richard's false imprisonment claim stemming from the DSS's second investigation. The standard of reviewing the findings of fact in this decision is that of manifest error. *Carter v. Haygood*, 892 So.2d 1261. The trial court ruled that all of Richard's claims against the DSS were prescribed because it found, as fact, that the DSS had taken no action and had no obligation to Richard and his children following May 29, 2008.

The majority opinion states "Mr. Richard was not arrested for the offense validated by the [second] investigation until June 13, 2008." This statement indicates that the DSS's second investigation was a factor in Richard's eventual arrest. However, when reviewing the record before us, there is no evidence that the second investigation of the DSS was a cause in fact to Richard's subsequent arrest.

Contrarily, the only evidence adduced at the hearing on DSS's prescription exception regarding whether any action of the DSS led to Richard's arrest on June 13, 2008, is the uncontroverted testimony of Trahan. She testified that the DSS's second investigation, in which it validated a complaint against Richard, resulted and ended when the DSS reported its finding to the District Attorney's office, and that *the District Attorney's office took no further action*.

Thus, I cannot subscribe to the conclusion that Richard's false imprisonment claim is viable against the DSS. According to Richard's petition, he was arrested by the Iberia Parish Sheriff's Office. The record is void of evidence as to who, if anyone, spurred the sheriff's office into action. I feel that Richard, in facing the DSS's prescription exception, failed to put forth any evidence that the DSS's second investigation was a cause in fact of his arrest, while the DSS put forth evidence, via Trahan's testimony, that it did nothing to cause Richard's arrest.

Accordingly, given the standard of review, I would uphold the trial court's finding of fact that the DSS had taken no action and had no obligation to Richard and his children following May 29, 2008. This finding, ultimately leads to what I feel to be the correct decision, that all of Richard's claims against the DSS are prescribed. Thus, I respectfully dissent.