*1157
 
 PER CURIAM.
 

 hWe granted certiorari in this ease to determine whether the court of appeal erred in reversing the district court in part, finding plaintiff’s claim for false arrest was not prescribed. For the reasons that follow, we now reverse the court of appeal’s judgment, and reinstate the district court’s judgment in its entirety.
 

 UNDERLYING FACTS AND PROCEDURE
 

 The State of Louisiana, Department of Social Services (“DSS”) conducted an investigation of Kirk Richard in response to reports of child abuse. The first DSS investigation concluded April 12, 2006, and the second investigation concluded May 29, 2008, at which time the DSS reported its findings to the district attorney and closed its file. On June 13, 2008, the Iberia Parish Sheriffs Department arrested Mr. Richard for aggravated rape of his minor children.
 

 On June 11, 2009, Mr. Richard filed suit against several defendants, including DSS, its Iberia Parish office, and three of its Iberia Parish employees, Jannenne Tra-han, Brandi Derouen, and Shanequa Keal-Lewis (hereinafter referred to collectively as “the DSS defendants”). In his petition, Mr. Richard alleged his former wife and others “began a campaign of false accusations and manufactured false evidence in order to deprive him of access to his children.” The petition further ^asserts that as a result of actions by the DSS defendants, he was subsequently arrested and falsely imprisoned. According to Mr. Richard’s petition, the DSS defendants became caught up in his former wife’s campaign to falsely discredit him, and in doing so, negligently and/or intentionally breached duties owed to him as part of their investigative obligations.
 

 In response to the petition, the DSS defendants filed several exceptions, including a peremptory exception raising the objection of prescription. The district court conducted a hearing on the exception, at which time it received testimony from Ms. Trahan and Ms. Derouen.
 

 Ms. Trahan, a supervisor of the Iberia Parish child protection investigators, testified that the initial investigation of Ms. Richard’s complaints terminated when the office closed its file on April 12, 2006, after transferring the matter to a foster care unit. She testified a second investigation begari on November 19, 2007, and was closed May 29, 2008. In that investigation, DSS validated a complaint against Mr. Richard, and reported its findings to the district attorney’s office, but the district attorney’s office took no further action. In fact, the foster care unit never became involved in the second investigation.
 

 Ms. Derouen, who is employed in the foster care unit of DSS, testified that her unit had not been involved in any activity involving Mr. Richard and/or his children since May of 2008.
 

 The DSS defendants also offered two exhibits as evidence: (1) the minutes from an August 18, 2006 hearing; and (2) the resulting interim stipulated judgment on rules. These exhibits indicate the children were adjudicated to be in need of care, and that the parents were to have joint custody. The judgment made no mention of any further duty the DSS would have in relation to the Richards or the children. |3Mr. Richard offered three civil court records as additional evidence: 1) the divorce proceedings; 2) a proceeding in which Ms. Richard sought to resolve issues of visitation; and 3) the entire record of the current proceedings.
 

 At the conclusion of the hearing, the district court granted the DSS defendants’ exception of prescription. In reasons for
 
 *1158
 
 judgment, the district court concluded the DSS defendants had no legal responsibility for the case after May 29, 2008. Therefore, it found Mr. Richard’s June 11, 2009 suit against the DSS defendants was prescribed.
 

 Mr. Richard devolutively appealed this judgment. The court of appeal affirmed in part, reversed in part, and remanded the case in a split decision.
 
 Richard v. Richard,
 
 10-464 (La.App. 3 Cir. 12/30/10), 54 So.3d 808.
 

 The majority of the court of appeal found the DSS established two distinct investigations involving plaintiff and his children. It found that any cause of action involving the first investigation was prescribed, because the DSS closed its file on April 12, 2006.
 

 However, the court found Mr. Richard’s claim for false arrest based on the second DSS investigation was not prescribed. Although the court found the second DSS investigation terminated on May 29, 2008, when the DSS validated the complaint and relayed its findings to the district attorney, it concluded Mr. Richard did not suffer any harm until June 13, 2008, when he was arrested. Finding plaintiffs June 11, 2009 suit was filed within one year of the date of his arrest, the court of appeal reversed the district court’s judgment in part, and remanded the case to the district court for further proceedings relating to the claim for false arrest. In all other respects, the majority of the court of appeal affirmed the district court’s judgment.
 

 iJJpon the DSS defendants’ application, we granted certiorari to consider the correctness of this ruling.
 
 Richard v. Richard,
 
 11-0229 (La.4/25/11), 62 So.3d 67. The sole issue presented for our review is whether the court of appeal erred in reversing the district court’s judgment with regard to Mr. Richard’s false arrest claim.
 

 DISCUSSION
 

 On the trial of a peremptory exception pleaded at or prior to the trial of the case, evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition. La.Code Civ. P. art. 931;
 
 Denoux v. Vessel Management Services, Inc.,
 
 07-2143 (La.5/21/08), 983 So.2d 84. When evidence is received at the trial of the peremptory exception, the factual conclusions of the trial court are reviewed by the appellate court under the manifest error-clearly wrong standard, as articulated in
 
 Stobart v. State Through Dept. of Transp. and Development,
 
 617 So.2d 880 (La.1993);
 
 Katz v. Allstate Ins. Co.,
 
 2004-1133 (La.App. 4 Cir. 2/2/05), 917 So.2d 443;
 
 Smith v. Slattery,
 
 38,693 (La.App.2d Cir.6/23/04), 877 So.2d 244,
 
 writ denied,
 
 04-1860 (La.10/29/04), 885 So.2d 592. If the findings are reasonable in light of the record reviewed in its entirety, an appellate court may not reverse, even though convinced that had it been sitting as the trier of fact, it would have weighed evidence differently.
 
 Stobart, supra.
 

 In the instant case, the district court received evidence in the form of testimony from Ms. Trahan, a supervisor of the child protection investigators in the Iberia Parish Office of Community Services, and Ms. Derouen, who works in the DSS foster care unit. Both of these witnesses testified the foster care unit had not been involved in the case since the second investigation closed on May 29, 2008. Additionally, the DSS defendants introduced documentary evidence establishing they had no further ^responsibility in the case after the investigation was closed. Mr. Richard produced no evidence to the contrary. Based on our review of the record, we see no manifest error in the district court’s factual finding that the
 
 *1159
 
 DSS defendants had no legal liability in this case after May 29, 2008.
 

 In finding Mr. Richard’s false arrest claim remained viable, the court of appeal reasoned that although the DSS defendants did not take any action in the case after May 29, 2008, Mr. Richard did not suffer any harm from their actions until June 13, 2008, thereby making his June 11, 2009 suit timely. We see no support for such a conclusion.
 

 A claim for false arrest requires the following elements: (1) detention of the person; and (2) the unlawfulness of the detention.
 
 Kennedy v. Sheriff of East Baton Rouge,
 
 05-1418 (La.7/10/06), 935 So.2d 669. Mr. Richard does not allege the DSS defendants unlawfully detained him on June 13, 2008; rather, his petition alleges he “was arrested and charged with the crime of aggravated rape of his minor children by the Iberia Parish Sheriff’s Department” [emphasis added]. We see no legal ground to impute the actions of the Iberia Parish Sheriffs Department to the DSS defendants.
 
 [1]
 
 There was no evidence introduced in this matter to link the arrest by the sheriffs department to the report of the DSS defendants.
 

 In summary, we find Mr. Richard’s claims against the DSS defendants prescribed one year after May 29, 2008, the date the DSS closed its file on the second investigation. Mr. Richard’s suit was filed more than one year later on June 11, 2009. Accordingly, any claims Mr. Richard had against the DSS defendants are prescribed.
 

 | ^DECREE
 

 For the reasons assigned, the judgment of the court of appeal reversing the district court’s judgment in part as to a claim for false arrest is reversed. The district court’s judgment dismissing the suit of Kirk Richard against the State of Louisiana, Department of Social Services, its Iberia Parish office, and Jannenne Trahan, Brandi Derouen, and Shanequa Keal-Lew-is, is reinstated in its entirety.
 

 [1]
 

 . Arguably, Mr. Richard failed to state a cause of action against the DSS defendants for false arrest. However, because we find any claims he had against the DSS defendants are prescribed, we need not reach this issue.