CRAIN, J.
| ¡¿Prather Warren appeals a judgment of the trial court that sustained a peremptory exception raising the objection of prescription and dismissed his claims against the defendant, Board of Supervisors of Louisiana State University and Agricultural and Mechanical College. The Board has answered the appeal seeking frivolous appeal damages. We affirm the judgment and deny the relief requested in the Board’s answer.
FACTS
In January 2006, LSU’s Office of Human Resource Management received a complaint that Warren, an LSU employee, was viewing pornography on an LSU computer. An investigation began and, on January 14, 2006, a forensic copy was made of the computer identified as Warren’s work computer. When a pornographic image depicting juveniles was discovered among the pornography contained on the copy, the LSU Police Department was contacted and, on January 17, 2006, a search warrant was obtained to search for child pornography on the forensic copy. That search revealed “numerous images of pornography involving juveniles.” Warren was arrested on January 19, 2006, for nine counts of possession of pornography involving juveniles. However, Warren was not prosecuted for the charges.
*438 On January 16, 2013, Warren filed the instant suit against the Board, asserting a claim for malicious prosecution.[1] Warren alleged that the underlying prosecution was terminated on January 19, 2012, when the statute of limitations on the criminal charges expired and the charges were abandoned. In response, the |sBoard filed a peremptory exception raising the objection of prescription, claiming that the time limitation for instituting prosecution expired earlier than the date alleged by Warren and that Warren’s malicious prosecution action was untimely because it was filed outside the one-year prescriptive period that began on the date the criminal prosecution was abandoned.
At the hearing on the exception, Warren testified and documentary evidence was introduced, including LSU’s incident report, the application for the search warrant, and the arrest warrant. Based on the evidence presented, the trial court determined that the offense must have occurred before the forensic copy of Warren’s computer was made on January 14, 2006, and that the charges were abandoned when he was not prosecuted within six years of that date. Therefore, the trial court reasoned that the claim for malicious prosecution prescribed on January 15, 2013, one day after one year from the date the charges were abandoned; thus, Warren’s suit, which was filed on January 16, 2013, was untimely. The trial court rendered judgment sustaining the peremptory exception raising the objection of prescription and dismissing Warren’s suit. This appeal followed.
DISCUSSION
Liberative prescription is a mode of barring actions as a result of inaction for a period of time. La. Civ.Code art. 3447. A claim for malicious prosecution is subject to the one-year liberative prescriptive period for delictual actions. See Murray v. Town of Mansura, 06-355 (La.App. 3 Cir. 9/27/06), 940 So.2d 832, 838, writ denied, 06-2949 (La.2/16/07), 949 So.2d 419, cert. denied, 552 U.S. 915, 128 S.Ct. 270, 169 L.Ed.2d 197 (2007). However, the cause of action arises, and prescription begins to run, only after the underlying prosecution is dismissed or terminated. Murray, 940 So.2d at 838. Pursuant to Louisiana Code of Criminal |4Procedure article 572, the underlying “prosecution” in this case terminated when the charges against Warren were abandoned. See Walls v. State, 95-1133 (La.App. 3 Cir. 1/31/96), 670 So.2d 382, 385, writ denied, 96-0570 (La.12/13/96), 692 So.2d 368. Thus, Warren had one year after the charges were abandoned to file his malicious prosecution action.
Warren was arrested for nine counts of possession of pornography involving juveniles, violations of Louisiana Revised Statute 14:81.1. As it applies to this case, Louisiana Code of Criminal Procedure article 572(A)(1) provides that the prosecution must be instituted within a time period of six years after the offense was committed. La.Code Crim. Pro. art. 572(A)(1);[2] see *439 also La. R.S. 14:81.1E. Thus, the critical date in this case is the date of the offense, as that date triggered the abandonment period under Article 572(A)(1), which is determinative of the date the prosecution terminated, the date the malicious prosecution claim arose, and the date the one-year liberative prescriptive period applicable to the malicious prosecution claim began to run and expired.
Warren contends that the trial court erred in its determination that the abandonment period for prosecution of the charges was triggered on January 14, 2006, the date the forensic copy was made of his computer. He argues the date of the search is irrelevant, reasoning that no images of pornography involving juveniles were discovered until January 17, 2006, and further, since possession of child pornography is a continuing offense crime, if he, in fact, possessed the images, he did so until January 19, 2006, the last date that he had access to the computer in question. Thus, he contends, if authorities were going to charge him |swith a crime, they could have prosecuted him for possession of pornography involving juveniles on January 16, 2006, through January 19, 2006.
When evidence is received at the trial of the peremptory exception, as it was in this case, the appellate court reviews the trial court’s factual findings under the manifest error-clearly wrong standard. See Richard v. Richard, 11-0229 (La.10/25/11), 74 So.3d 1156, 1158. Thus, if the findings are reasonable in light of the record reviewed in its entirety, the appellate court may not reverse, even if it would have weighed evidence differently had it been sitting as the trier of fact. Id.
Considering the entire record before us, we find that the trial court’s determination of the critical date in this case was correct. The date that prompts all of the time periods at issue is the date of the offense. See La.Code Crim. Pro. art. 572(A)(1). Based on the evidence presented, the only date that could be construed as the date of the offense (or the last date that the offense occurred) is January 14, 2006, the date the forensic copy of the computer was made, because that copy established that the images were on the computer on that date. In fact, the charges for which Warren was arrested were premised on the search of the forensic copy. Therefore we find no manifest error in the trial court’s determination that the offense occurred on or prior to January 14, 2006.[3] The six-year period for prosecuting Warren was triggered on that date. Upon expiration of that six-year period, on January 15, 2012, the cause of action for malicious prosecution arose and Warren had one year from that date to assert his claim. Warren’s suit was filed January 16, 2013, one day after that libera-tive prescriptive period expired.
*440 | ^Considering the foregoing, we affirm the trial court’s judgment sustaining the exception of prescription and dismissing Warren’s claims.[4]
ANSWER TO APPEAL
In accordance with Louisiana Code of Civil Procedure article 2133, the Board answered Warren’s appeal, seeking damages of attorney fees for frivolous appeal pursuant to Louisiana Code of Civil Procedure article 2164.[5] Courts have been very reluctant to grant damages under Article 2164, as it is penal in nature and must be strictly construed. Guarantee Systems Const. & Restoration, Inc. v. Anthony, 97-1877 (La.App. 1 Cir. 9/25/98), 728 So.2d 398, 405, writ denied, 98-2701 (La.12/18/98), 734 So.2d 636. Appeals are favored; therefore, while a successful appeal is by definition non-frivolous, the converse is not true of an unsuccessful appeal. Daisey v. Time Warner, 98-2199 (La.App. 1 Cir. 11/5/99), 761 So.2d 564, 569. In order to assess damages for a frivolous appeal, it must appear that the appeal was taken solely for delay or that appealing counsel does not sincerely believe in the view of the law he advocates. Guarantee Systems Const. & Restoration, Inc., 728 So.2d at 405.
The Board argues that, at the trial of the exception, Warren judicially confessed that he had no recollection of accessing pornography on his work computer on January 15, 16, or 17, 2006. In light of this, the Board contends that Warren’s argument that he theoretically could have committed the offenses up |7until January 19, 2006 (the date of his arrest and the last date he had access to the computer), cannot be considered to have been made in earnest. We do not agree with the Board’s interpretation of Warren’s testimony. Warren admitted that he occasionally viewed pornography on his work computer, but maintained that he never viewed or possessed child pornography. We do not find that this constitutes a judicial confession of adverse fact as suggested by the Board.
Although Warren’s arguments failed to persuade this court based on the evidence presented, we cannot conclude that the arguments made by Warren were brought in bad faith solely for purposes of harassment or delay, or that Warren’s counsel did not sincerely believe in the position advocated. Therefore, damages for frivolous appeal are not warranted.
CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed and the relief requested in the Board’s answer to this appeal is denied. Costs of this appeal are assessed to Prather Warren.
*441 JUDGMENT AFFIRMED; ANSWER TO APPEAL DENIED.

. Warren claims that the images were found on a computer that stayed on all day and night, was not password protected, was accessible to any number of people, and was connected to an Ethernet ring that allowed the transfer of files between computers. Warren contends that there is no evidence to support the allegation that he placed the images on the computer and that LSU agents and employees acted maliciously in causing his highly publicized arrest without probable cause.

. By 2012 Louisiana Acts, No. 446, Section 5, pornography involving juveniles was added to the list of crimes set forth in Louisiana Code of Criminal Procedure article 571.1, which are excepted from the general provisions of Article 572, thereby changing the time limitation for prosecution of the crime *439 of pornography involving juveniles to thirty years. However, that change occurred after the time limitation for prosecution of these charges expired and is not applicable here.

. We emphasize that our focus is narrowly directed to the date of the offense as established by the evidence presented. Warren's argument that if he possessed the images on the date the copy was made, then he did so until he was arrested and no longer had access to the computer, which occurred days later, may have merit in another context. However, that would depend on evidence that the images were in fact on the computer on those later dates, which was not presented here. In fact, Warren, the only witness to testify at the trial of the exception, stated he did not know what, if anything, happened to the images after the computer was copied on January 14, 2006, or whether the computer was viewed by law enforcement after that date.

. In its exception, the Board set forth that Warren asserted additional claims, including wrongful termination, which had prescribed. In its reasons for judgment, the trial court addressed those claims because of the Board's arguments, but acknowledged that Warren argued that those claims were elements of damages arising from his malicious prosecution claim. On appeal, Warren reiterates that he has not made a separate claim for wrongful termination or intentional infliction of emotional distress, but was entitled to seek those damages as part of his malicious prosecution claim in the event this court reversed the trial court’s judgment. As we find no error in the trial court’s judgment sustaining the exception, we do not address these issues.

. Article 2133 provides that an appellee is obliged to answer the appeal if he demands damages against the appellant. Article 2164 provides that the appellate court shall render any judgment which is just, legal, and proper upon the record on appeal, and may award damages, including attorney fees, for frivolous appeal.