# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 15-681



**STEVEN O. RICHARD**

**VERSUS**

**FRED TAYLOR, ET AL.**


**********

APPEAL FROM THE
SEVENTH JUDICIAL DISTRICT COURT
PARISH OF CONCORDIA, NO. 47805
HONORABLE KATHY A. JOHNSON, DISTRICT JUDGE

**********

## JIMMIE C. PETERS
## JUDGE

**********

Court composed of John D. Saunders, Jimmie C. Peters, and Phyllis M. Keaty, Judges.


**AFFIRMED.**



**Brian G. Smith**
**Smith & Nwokorie**
**P. O. Box 532**
**Farmerville, LA 71241-0532**
**(318) 368-9543**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    Steven O. Richard

**Stephen N. Elliott**
**Kenneth J. DeRoche, Jr.**
**Bernard, Cassisa, Elliott & Davis**
**3838 North Causeway Boulevard, Suite 3050**
**Metairie, LA 70002-8357**
**(504) 834-2612**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Fred Taylor**
    **Fred's Automotive Repair & Wrecker Service, L.L.C.**
    **Catlin Specialty Insurance Company**

**James D. "Buddy" Caldwell**
**Attorney General**
**Kodie K. Smith**
**Assistant Attorney General**
**Louisiana Department of Justice**
**Litigation Division**
**330 Marshall Street, Suite 777**
**Shreveport, LA 71101**
**(318) 676-5729**
**COUNSEL FOR INTERVENOR/APPELLEE:**
    **State of Louisiana**
    **Division of Administration**
    **Office of Risk Management**

**PETERS, J.**

The plaintiff, Steven O. Richard, appeals from the trial court's grant of both an exception of res judicata and a motion for summary judgment dismissing Fred Taylor, Fred's Automotive Repair & Wrecker Service, L.L.C., and Catlin Specialty Insurance Company as party defendants in this litigation. For the following reasons, we affirm.

## DISCUSSION OF THE RECORD

On March 8, 2013, Steven O. Richard filed a petition to recover damages he sustained in a March 27, 2012 automobile accident that occurred in Concordia Parish, Louisiana. After the filing of a number of responsive pleadings and amendments to the original petition, the parties identified as defendants were ultimately established as the following:

> *FRED TAYLOR*, *who domiciles in Vidalia, Concordia Parish, Louisiana.*
>
> *FRED'S AUTOMOTIVE REPAIR & WRECKER SERVICE, L.L.C.*, a major corporation doing business in the State of Louisiana,
>
> *CATLIN SPECIALTY INSURANCE COMPANY*, a major corporation doing business in the State of Louisiana who upon information and belief maintained a policy of liability insurance covering FRED'S AUTOMOTIVE REPAIR AND WRECKER SERVICE, L.L.C., a Louisiana corporation doing business in the State of Louisiana.

In his pleadings, Mr. Richard asserts that on March 27, 2012, he was driving westbound on U.S. Highway 425 in Concordia Parish, Louisiana, when his vehicle was struck by a vehicle being driven by Fred Taylor; that the vehicle driven by Mr. Taylor was one left for repairs with Fred's Automotive Repair & Wrecker Service, L.L.C. (Fred's L.L.C.); that the accident and his resulting injuries were caused by the fault of Mr. Taylor; and that Catlin Specialty Insurance Company (Catlin Insurance) provided liability coverage to Fred's L.L.C.

After answering Mr. Richard's original and amending petitions, Mr. Taylor, Fred's L.L.C., and Catlin Insurance further responded by filing an exception of res judicata and a motion for summary judgment in a single pleading. Mr. Taylor asserted that Mr. Richard released him from all liability by executing a January 4, 2013 receipt and release. Fred's L.L.C. and Catlin Insurance asserted that the limited liability company had not been formed at the time of the accident and, therefore, neither it nor its insurer could be liable to Mr. Richard for his injuries. The defendants attached the following exhibits to their memorandum filed in support of their exception and motion:

Copies of the original petition for damages and all supplemental and amending petitions filed by Mr. Richard;

A copy of the answer filed by Catlin Insurance and Fred's L.L.C.;

A copy of a document entitled "**RELEASE OF ALL CLAIMS**" executed by Mr. Richard on January 4, 2013;

A computer printout from the Louisiana Secretary of State's office setting forth the pertinent recording and operating information for Fred's L.L.C.; and

A copy of the unanswered requests for admission of fact and attached exhibits addressed to Mr. Richard on July 15, 2014.

Mr. Richard filed nothing in opposition to the exception and motion before or during the October 6, 2014 hearing addressing those issues. At that hearing, the defendants offered and introduced into evidence, without objection from Mr. Richard, the attachments to their memorandum. After hearing the argument of counsel, the trial court orally rendered judgment granting the exception of res judicata and dismissing Mr. Taylor as a defendant. The trial court then granted the motion for summary judgment and dismissed Fred's L.L.C. and Catlin Insurance as defendants as well. The trial court executed a written judgment on October 6,

2

2014, dismissing Mr. Richard's claims against Mr. Taylor, Fred's L.L.C., and Catlin Insurance.

On appeal, Mr. Richard raises one assignment of error and couches it in the form of a question: "Whether the District Court erred in granting Defendant's [sic] Exception of Res Judicata/Summary Judgment?"

## OPINION

### *Exception of Res Judicata*

With regard to the application of the doctrine of res judicata, La.R.S. 13:4231 provides:

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
>
> (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
>
> (2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
>
> (3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

The supreme court set forth the factors to be considered in evaluating a res judicata claim in *Chauvin v. Exxon Mobil Corp.*, 14-808, pp. 5-6 (La. 12/9/14), 158 So.3d 761, 765:

> Under La.Rev.Stat. 13:4231, a second action is precluded when all of the following are satisfied:  (1) the judgment is valid; (2) the judgment is final; (3) the  parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence

that was the subject matter of the first litigation. *Burguieres v. Pollingue*, 02-1385, pp. 6-8 (La.2/25/03), 843 So.2d 1049, 1052-53; *see also Chevron U.S.A., Inc. v. State*, 07-2469, pp. 10-11 (La.9/8/08), 993 So.2d 187, 194. Since the 1990 amendment to the res judicata statute, "the chief inquiry is whether the second action asserts a cause of action which arises out of the transaction or occurrence that was the subject matter of the first action." *Id.* (citing *Avenue Plaza, L.L.C. v. Falgoust*, 96-0173, p. 6 (La.7/2/96), 676 So.2d 1077, 1080, and La.Rev.Stat. 13:4231 cmt. a (1990)).

Additionally:

> While the doctrine of res judicata is ordinarily premised on a final judgment on the merits, it also applies where there is a transaction or settlement of a disputed or compromised matter that has been entered into by the parties. *Ortego v. State, Dept. of Transp. and Development*, 96-1322, p. 6 (La.2/25/97); 689 So.2d 1358, 1363. La. Civ.Code. art. 3071 defines a transaction or compromise as ". . . a contract whereby the parties, through concessions made by one or more of them, settle a dispute or an uncertainty concerning an obligation or other legal relationship." A party claiming res judicata based on a compromise agreement must have been a party to the compromise, and the authority of the thing adjudged extends only to the matters those parties intended to settle. *Ortego*, 96-1322, p. 7, 689 So.2d at 1363. A compromise instrument is the law between the parties and must be interpreted according to the parties' intent. The compromise instrument is governed by the same general rules of construction applicable to contracts. *Id.* Therefore, when the words of a settlement or compromise are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent. La. Civ.Code art.2046.

*Id.* at 765-66.

Furthermore, in *Brown v. Drillers, Inc.*, 93-1019, pp. 7-10 (La. 1/14/94), 630 So.2d

741, 748-50 (alteration in original) (footnotes omitted), the supreme court stated:

> Shifting back to the codal provisions, LSA-C.C. Art. 3071 further provides that a compromise is a written contract. It follows that the compromise instrument is the law between the parties and must be interpreted according to the parties' true intent. *Ritchey v. Azar*, 383 So.2d 360, 362 (La.1980); *Succession of Magnani*, 450 So.2d 972, 975 (La.App. 2d Cir.1984). It also follows that the compromise instrument is governed by the same general rules of construction applicable to contracts.
>
> LSA-C.C. Art. 2046 sets forth a general rule of construction, providing that "[w]hen the words of a contract are clear and explicit and lead to no absurd consequences, no *further* interpretation may be

made in search of the parties' intent." LSA-C.C. Art. 2046 (emphasis supplied). The underscored word "further" in this article signifies the true nature of contractual interpretation. The determination that the language contained in a contract is clear and explicit, in itself, involves an interpretive process. For that reason, LSA-C.C. Art. 2046 emphasizes that the process involves no further interpretation, as opposed to no interpretation at all. *Expose' Des Motifs of the Project of Titles III and IV of Book III of the Civil Code of Louisiana*, p. 67 (1984); R. MacLean, *Judicial Discretion in the Civil Law*, 43 La.L.Rev. 45, 55-56 n. 28 (1982).

LSA-C.C. Art. 3073 contains a supplementary rule of construction governing the interpretation of the operative language, and the determination of the scope, of a compromise agreement. LSA-C.C. Art. 3073 provides that a compromise agreement extends only to those matters that the parties expressly intended to settle and that the scope of the transaction cannot be extended by implication. *See* Comment, *Compromise in Louisiana*, 14 Tul.L.Rev. 282, 283 (1940). More precisely, LSA-C.C. Art. 3073 set forth the following four factors to be considered in determining the scope of a compromise instrument:

> [1] Transactions regulate only the differences which appear clearly to be comprehended in them by the intention of the parties,
>
> [2] whether it be explained in a general or particular manner,
>
> [3] unless it be the necessary consequence of what is expressed; and
>
> [4] they do not extend to differences which the parties never intended to include in them.

We utilize these four factors below as the framework for analyzing the issue of contractual interpretation presented in the instant case.

In applying the rule of construction set forth in LSA-C.C. Art. 3073, courts are guided by the general principle "that the contract must be construed as a whole and in light of attending events and circumstances." *Succession of Teddlie*, 385 So.2d 902, 904 (La.App. 2d Cir.), *writ refused*, 393 So.2d 742 (La.1980); LSA-C.C. Art. 2050. Thus, the intent which the words of the compromise instrument express in light of the surrounding circumstances at the time of execution of the agreement is controlling.

The meaning and intent of the parties to a written instrument, including a compromise, is ordinarily determined from the four corners of the instrument, and extrinsic (parol) evidence is

inadmissible either to explain or to contradict the terms of the instrument. *Maltby v. Gauthier*, 526 So.2d 455, 457 (La.App. 5th Cir.), *writ denied*, 531 So.2d 474 (La.1988); *Smith v. Leger*, 439 So.2d 1203 (La.App. 1st Cir.1983). Louisiana courts, however, have crafted a special exception to the extrinsic evidence rule for compromise agreements based on an *in pari materia* reading of LSA-C.C. Art. 3073's provision that a compromise extends only to those differences the parties' clearly comprehended and LSA-C.C. Art. 3079's provision that an error as to the subject matter in dispute is a ground to rescind a compromise. *Moak v. American Automobile Ins. Co.*, 242 La. 160, 134 So.2d 911 (1961).

*Moak, supra* stands for the proposition that when a dispute arises as to the scope of a compromise agreement, extrinsic evidence can be considered to determine exactly what differences the parties intended to settle. Following *Moak*, a long line of jurisprudence holds that a general release will not necessarily bar recovery for those aspects of a claim not intended by the parties to be covered by the release. Under that jurisprudential rule, the parties to a release instrument are permitted to raise a factual issue as to whether unequivocal language in the instrument was intended to be unequivocal.

Louisiana courts, however, have tempered that jurisprudential rule, recognizing that absent some substantiating evidence of mistaken intent, no reason exists to look beyond the four corners of the instrument to ascertain intent. *Duet v. Lucky*, 621 So.2d 168, 173 (La.App. 4th Cir.1993). Utilizing a case-by-case, factual analysis, Louisiana courts have limited the rule's application to cases in which substantiating evidence is presented establishing either (1) that the releasor was mistaken as to what he or she was signing, even though fraud was not present; or (2) that the releasor did not fully understand the nature of the rights being released or that the releasor did not intend to release certain aspects of his or her claim. *Higgins v. Spencer*, 531 So.2d 768, 772 (La.App. 1st Cir.), *writ denied*, 532 So.2d 106 (La.1988). When the factual circumstances surrounding the execution of the release instrument do not fall within either of the above categories, Louisiana courts, applying LSA-C.C. Art. 2046's general rule of construction, have not hesitated to confine their analysis to the four corners of the instrument. When, as in that instance, a contract can be construed from the four corners of the instrument without looking to extrinsic evidence, the question of contractual interpretation is answered as a matter of law and thus summary judgment is appropriate. *Wilson v. Cost + Plus of Vivian, Inc.*, 375 So.2d 683, 685 (La.App. 2d Cir.1979); *Horton v. Mobley*, 578 So.2d 977, 982 (La.App. 2d Cir.1991).

The presentation of evidence on a peremptory exception of res judicata is governed by La.Code Civ.P. art. 931, which reads, in part, as follows:

> On the trial of the peremptory exception pleaded at or prior to the trial of the case, evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition.
>
> When the peremptory exception is pleaded in the trial court after the trial of the case, but prior to a submission for a decision, the plaintiff may introduce evidence in opposition thereto, but the defendant may introduce no evidence except to rebut that offered by plaintiff.

If, as in this case, the exception is tried beforehand and evidence is admitted supporting or opposing the exception, the trial court's factual findings are reviewed pursuant to the manifest error—clearly wrong standard of review. *Richard v. Richard*, 11-229 (La. 10/25/11), 74 So.3d 1156.

The pertinent release language at issue in this litigation reads as follows:

> This Indenture Witnesseth that, in consideration of the sum of fifteen thousand dollars ($15,000.00), receipt whereof is hereby acknowledged, for myself and for my heirs, personal representatives and assigns, I do hereby release and forever discharge Warren McGaughey, Fred Taylor, Allstate Insurance Company and any other person, firm or corporation charged or chargeable with responsibility or liability, their heirs, representatives and assigns, from any and all claims, demands, damages, costs, expenses, loss of services, actions and causes of action, arising from any act or occurrence up to the present time and particularly on account of all personal injury, disability, property damages, loss or damages of any kind already sustained or that I may hereafter sustain in consequence of an accident that occurred on or about this 27th day of March, 2012, at or near HWY 84, Ridge Crest, , [sic] LA.

Immediately above Mr. Richard's signature on the release form is the notation "**(CAUTION-READ BEFORE SIGNING)**[.]" At the trial on the exception, Warren McGaughey was identified as the owner of the vehicle being driven by Mr. Taylor, and Allstate Insurance Company was identified as the insurer of the automobile. Additionally, Mr. Richard's counsel acknowledged in argument that the document was provided to him for review before it was signed by his client. Furthermore, as the insurer of the vehicle and its driver, Allstate

Insurance Company had an interest in releasing all parties for whom it might have liability.

We find that the release executed by Mr. Richard was valid and final. Mr. Richard and Mr. Taylor are parties in both the release and this suit; the cause of action asserted in the current suit existed at the time of the execution of the release; and the cause of action asserted in this suit arose out of the occurrence that was the subject matter of the release. Thus, all of the factors set forth in *Chauvin* are satisfied, and under La.R.S. 13:4231, Mr. Richard's current action against Mr. Taylor is precluded under the doctrine of res judicata.

Accordingly, we find no error in the trial court's grant of the exception of res judicata and in its dismissal of Mr. Richard's claims against Mr. Taylor.

### *Motion for Summary Judgment*

It is well settled that appellate courts review the grant of summary judgment *de novo*; that is by applying the same criteria applied by trial courts in deciding whether summary judgment is appropriate. *In re Succ. of Holbrook*, 13-1181 (La. 1/28/14), 144 So.3d 845. Although the summary judgment proof requirements have been the subject of several recent amendments, the procedure itself is still favored and is "designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969." La.Code Civ.P. art. 966 (A)(2).

The burden of proving summary judgment still remains with the movant. La.Code Civ.P. art. 966(C)(2). However, if the ultimate burden will lie with the non-moving party at a trial on the merits, the movant need only point out a lack of factual support on at least one essential element of the non-moving party's claim, action, or defense. *Id.* The burden then shifts to the non-moving party to produce

8

factual support sufficient to counter the movant's claim, and the failure to do so results in a finding that no genuine issue of material fact exists. *Id.*

The law in effect at the time of the October 6, 2014 hearing provided that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show" that it is appropriate. La.Code Civ.P. art. 966(B)(2). Moreover, evidence cited in and attached to the motion for summary judgment or in the non-moving party's opposition memorandum is deemed admitted unless objected to properly. La.Code Civ.P. art. 966(F)(2).

Turning to the trial court's grant of the motion for summary judgment and its dismissal of Mr. Richard's claims against Fred's L.L.C. and Catlin Insurance, we note that Mr. Richard's accident occurred on March 27, 2012, and the records of the Louisiana Secretary of State reflect that Fred's L.L.C. was not formed until April 23, 2012. Furthermore, this fact is deemed admitted based on Mr. Richard's failure to answer the defendants' requests for admission on this issue within fifteen days after the service of their July 15, 2014 request. *See* La.Code Civ.P. art. 1467(A). Thus, if Fred's L.L.C. was not in existence on the date of the accident, then neither it nor Catlin Insurance were legally obligated to Mr. Richard for the damages he suffered as a result of that accident. *See* La.Civ.Code art. 1756.

Accordingly, we find that there is no genuine issue of material fact regarding this issue, and the trial court judgment granting summary judgment in favor of Fred's L.L.C. and Catlin Insurance is affirmed.

## DISPOSITION

For the foregoing reasons, we affirm the judgment of the trial court dismissing Fred Taylor, Fred's Automotive Repair & Wrecker Service, L.L.C., and Catlin Specialty Insurance Company as party defendants in this litigation. We assess all costs of this appeal to Steven O. Richard.

**AFFIRMED.**