# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

# 24-316

**NICKIE LEJEUNE**

**VERSUS**

**KAYLA FONTENOT, MD**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, NO. 202110755
HONORABLE LAURIE A. HULIN, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

# ELIZABETH A. PICKETT
# CHIEF JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, Guy E. Bradberry, and Wilbur L. Stiles, Judges.

**AFFIRMED.**

**Pierre F. Gremillion**
**3500 N Hullen St.**
**Metairie, LA 70002**
**(504) 495-3165**
**COUNSEL FOR PLAINTIFF-APPELLANT:**
     **Nickie Lejeune**

**J. Ryan Pierret**
**Judice & Adley**
**P.O. Drawer 51769**
**Lafayette, LA 70505**
**(337) 235-2405**
**COUNSEL FOR DEFENDANT-APPELLEE:**
     **Kayla Fontenot, MD**

**PICKETT, Chief Judge.**

Nickie Lejeune appeals the judgment of the trial court sustaining the peremptory exception of res judicata filed by Dr. Kayla Fontenot.

## FACTS

Ms. Lejeune alleges that Dr. Fontenot committed medical malpractice during a hysterectomy performed on June 24, 2019. Her petition for damages, filed on October 8, 2021, in Acadia Parish, alleges that Ms. Lejeune became aware that her colon had been perforated during surgery when she presented to the hospital with fecal material emanating from her incision site. This was not the first medical malpractice claim filed by Ms. Lejeune arising from this surgery.

Ms. Lejeune initially filed a claim on July 10, 2020, pursuant to the Louisiana Medical Malpractice Act seeking the empaneling of a medical review panel pursuant to La.R.S. 40:1231.8. Dr. Fontenot subsequently filed a motion to open a case in St. Landry Parish for the purpose of discovery in the medical malpractice claim, which motion was granted.

Dr. Fontenot filed a peremptory exception of prescription in the St. Landry case, alleging Ms. Lejeune's request for a medical review panel was filed more than a year after Ms. Lejeune discovered the act of malpractice. Following a hearing, the St. Landry district court sustained the exception of prescription in a judgment dated September 9, 2021. Ms. Lejeune did not appeal that judgment.

On November 16, 2021, Ms. Lejeune filed an action for nullity of the September 9, 2021 judgment, alleging fraud or ill practices by Dr. Fontenot's counsel. The basis of her claim was that Dr. Fontenot failed to appoint an attorney chairperson within a year, which caused the use of the medical review panel process to be waived on July 10, 2021. But La.R.S. 40:1231.8(A)(2)(c) clearly requires both parties to agree on the appointment of a chairperson for the medical

review panel. Dr. Fontenot filed an exception of no cause of action. The trial court held a hearing and granted the exception of no cause of action on March 27, 2022, dismissing Ms. Lejeune's petition for nullity. This court affirmed the judgment of the trial court, and the supreme court denied Ms. Lejeune's application for a supervisory writ. *Lejeune v. Fontenot*, 22-444 (La.App. 3 Cir. 1/4/23), 362 So.3d 911, *writ denied*, 23-452 (La. 5/16/23), 360 So.3d 839.

No action was taken on the suit filed in Acadia Parish during the pendency of the litigation in St. Landry Parish and subsequent appeal to this court until June 27, 2023, when Dr. Fontenot filed a peremptory exception of res judicata. Dr. Fontenot also sought sanctions pursuant to La.Code Civ.P. art. 863. The trial court held a hearing on the exception of res judicata and motion for sanctions on September 5, 2023.

On October 6, 2023, the trial court issued a judgment sustaining the exception of res judicata, dismissing Ms. Lejeune's claims with prejudice, and ordering Ms. Lejeune's counsel to pay attorney fees to Dr. Fontenot in the amount of $2,000.00. Ms. Lejeune now appeals that judgment.

## ASSIGNMENTS OF ERROR

On appeal, Ms. Lejeune asserts two assignments of error:

1. Whether District Court erred in granting Fontenot's Exception of Res Judicata dismissing Lejeune's Petition for Damages.

2. Whether District Court erred in granting Fontenot's Motion for Sanctions.

## DISCUSSION

Much of Ms. Lejeune's brief relitigates issues raised in the previous appeal of this matter, and we decline to address those issues. In her first assignment of error, she argues that the exception of res judicata should have been overruled. Louisiana Revised Statutes 13:4231 states:

2

Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:

(1)     If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.

(2)     If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.

(3)     A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

This court explained the review of a trial court judgment on an exception of res judicata in *Hannie v. Colonial Oaks AL Lafayette Emp., LLC*, 21-349, p. 8 (La.App. 3 Cir. 2/9/22), 334 So.3d 17, 25:

Appellate review of the exception [of res judicata] requires a determination of whether the trial court's decision was legally correct. *McCalmont v. McCalmont*, 19-738 (La.App. 3 Cir. 4/29/20), 297 So.3d 1057. "The burden of proof is upon the pleader to establish the essential facts to sustain the plea of res judicata." *Ins. Assocs., Inc. v. Francis Camel Constr., Inc.*, 95-1955, p. 3 (La.App. 1 Cir. 5/10/96), 673 So.2d 687, 689. At the hearing on the exception, "evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition." La.Code Civ.P. art. 931. When evidence is introduced in support of the exception, "the trial court's factual findings are reviewed pursuant to the manifest error—clearly wrong standard of review." *Richard v. Taylor*, 15-681, p. 7 (La.App. 3 Cir. 12/9/15), 179 So.3d 975, 981.

It is uncontroverted that the district court in St. Landry Parish found that Ms. Lejeune's malpractice claim against Dr. Fontenot prescribed in the September 9, 2021 judgment. That judgment was not appealed and is final. In her brief argument on the assignments of error, she claims that this court's previous opinion

3

included language reserving her right to bring another action. Louisiana Revised Statutes 13:4232(A) states:

A judgment does not bar another action by the plaintiff:

(1) When exceptional circumstances justify relief from the res judicata effect of the judgment;

(2) When the judgment dismissed the first action without prejudice; or,

(3) When the judgment reserved the right of the plaintiff to bring another action.

Ms. Lejeune cites this one sentence from this court's previous opinion, arguing this court reserved her right to bring another action:

Thus, and to preserve Lejeune's medical malpractice claims in this matter, Lejeune's counsel merely had to *timely* file Lejeune's petition with the district court, which the record shows she failed to accomplish.

*Lejeune*, 362 So.3d at 920. Ms. Lejeune claims that this suit in Acadia Parish was timely filed because it was within 90 days of the dismissal of the medical review panel process for failure to appoint an attorney chairperson. Ms. Lejeune fails to acknowledge that the September 9, 2021 judgment found the claim initiating the medical review panel process was untimely. We find no error in the judgment of the trial court sustaining the exception of res judicata.

In her second assignment of error, Ms. Lejeune argues the trial court erred in finding a violation of La.Code Civ.P. art. 863 and awarding sanctions against Ms. Lejeune's counsel of $2,000.00 in attorney fees. Article 863(B) states:

Pleadings need not be verified or accompanied by affidavit or certificate, except as otherwise provided by law, but the signature of an attorney or party shall constitute a certification by him that he has read the pleading, and that to the best of his knowledge, information, and belief formed after reasonable inquiry, he certifies all of the following:

(1)	The pleading is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.

(2)	Each claim, defense, or other legal assertion in the pleading is warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law.

(3)	Each allegation or other factual assertion in the pleading has evidentiary support or, for a specifically identified allegation or factual assertion, is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

(4)	Each denial in the pleading of a factual assertion is warranted by the evidence or, for a specifically identified denial, is reasonably based on a lack of information or belief.

In an appeal of an award of sanctions pursuant to La.Code Civ.P. art. 863, we review the factual findings of the trial court for manifest error, and the award of sanctions under the abuse of discretion standard. *Collins v. Ferrellgas, Inc.*, 96-810 (La.App. 3 Cir. 2/5/97), 689 So.2d 569. The trial court did not err in determining that Ms. Lejeune's counsel did not make a "reasonable inquiry" when he filed this malpractice claim against Dr. Fontenot in Acadia Parish. We find no abuse of discretion in the sanctions awarded.

## CONCLUSION

The judgment of the trial court is affirmed. Costs of this appeal are assessed to Ms. Lejeune.

**AFFIRMED.**

5